UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#36 (12/23 hrg off)**

CIVIL MINUTES - GENERAL

| Case No. | CV 13-1855 PSG (CWx) | Date | December 12, 2013 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (In Chambers) Order DENYING Motion to Remand**

Before the Court is Plaintiff Ana Galdemez's ("Plaintiff") motion to remand this case to state court. Dkt. # 36. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion.

Plaintiff moves to remand this case to state court on the basis that this Court lacks subject matter jurisdiction. *Mot.* 4:8-9:7. Specifically, Plaintiff asserts that: (1) the parties are not completely diverse because Defendant Cal-Western Reconveyance Corporation ("Cal-Western") is a citizen of California, *id.* 5:18-6:1; (2) Plaintiff's claims do not arise under federal law, *id.* 6:2-6:13; and (3) the amount in controversy does not exceed $75,000, *id.* 6:14-6:20. Plaintiff also argues that CitiMortgage is a citizen of the state where its principal place of business is located. *Id.* 6:21-9:7. However, Plaintiff does not identify that state or even suggest that consideration of that state would affect the diversity analysis.

Plaintiff ignores the fact that Defendants CitiMortgage, Inc. ("CitiMortgage") and Federal Home Loan Mortgage Corporation ("Freddie Mac," and collectively, "Defendants") did not remove this case on the grounds that it arose under federal law or was subject to diversity jurisdiction. Rather, Defendants removed this case under 12 U.S.C. § 1452(f), which provides that any civil action in which Freddie Mac is a party may be removed to federal court at any time before trial. This Court has original jurisdiction over this matter pursuant to 12 U.S.C. § 1452(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#36 (12/23 hrg off)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1855 PSG (CWx) | Date | December 12, 2013 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage Inc., *et al.* | | |

Plaintiff did not meet and confer with Defendants before filing this motion. *See Opp.* 3:27-3:28. Local Rule 7-3 requires counsel to meet and confer with opposing counsel before filing a motion. If the parties are unable to reach a resolution, the moving party must include a statement in the notice of motion certifying that the required meet-and-confer took place. *See* L.R. 7-3. The Court's standing order reaffirms the Rule 7-3 requirement. *Standing Order* ¶ 5(b). Plaintiff's notice of motion does not contain any such certification.

The meet and confer requirements of Rule 7-3 are in place for a reason. In this instance, it is painfully obvious that Plaintiff's counsel John E. Mortimer would not have had a good faith basis to file this motion if he had properly met and conferred with Defendants' counsel. Plaintiff's counsel has not made any argument that 12 U.S.C. § 1452(f) does not apply here, and did not file a reply brief after Defendants explained that this case was removed under 12 U.S.C. § 1452(f)–suggesting that he has no response. It appears that Plaintiff's counsel simply copied most of a motion for remand he had filed in another case, *Vasquez v. Wells Fargo Bank Home Mortgage, Inc.*, SACV 13-01200 JST (RNBx) (C.D. Cal.), made a few changes, and filed this motion without reviewing the notice of removal in this case. *Compare Mot.* 4:7-5:17, 6:2-6:13, 6:21-9:18 *with Mot. to Remand*, *Vasquez v. Wells Fargo Bank Home Mortgage, Inc.*, SACV 13-01200 JST (RNBx), Dkt. # 4 at 4:4-5:26, 6:22-9:8, 10:2-10:12. That explains why the current motion raises an argument about CitiMortgage's principal place of business that goes nowhere, and why Plaintiff's counsel identifies himself in the motion as the attorney for plaintiff Guadalupe Vasquez, when the plaintiff in this case is Ana Galdamez. *See Mot.* 6:21-9:7, 9:16-9:17. If Plaintiff's counsel had reviewed the notice of removal or *met and conferred with opposing counsel*, he would have learned that this case was removed under 12 U.S.C. § 1452(f) and almost certainly would not have filed this motion. *See NOR* ¶ 5. The Court's resources would have been conserved, and Defendants would not have had to respond to a motion that was doomed to fail. Plaintiff's counsel is advised that fails to comply with Rule 7-3 in the future, the Court will consider imposing sanctions against him.

For both reasons above, the motion is DENIED.

**IT IS SO ORDERED.**