UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#40 (02/03 HRG OFF)

CIVIL MINUTES - GENERAL

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:**    **(In Chambers) Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss**

Before the Court is the motion of Defendants CitiMortgage, Inc. ("CitiMortgage") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Moving Defendants") to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim. Dkt. # 40. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving and opposing papers, the Court GRANTS the motion IN PART and DENIES the motion IN PART.

I.     Introduction

On February 1, 2013, Plaintiff Ana Galdamez ("Plaintiff" or "Galdamez") brought this suit against Defendants CitiMortgage; Freddie Mac; Mortgage Electronic Registration Systems, Inc. ("MERS"); and Cal-Western Reconveyance Corporation ("Cal-Western") (collectively, "Defendants"), alleging that Defendants wrongfully foreclosed on her home. *Compl.* ¶¶ 49-87. Plaintiff asserted causes of action for: (1) wrongful foreclosure; (2) violation of California Business & Professions Code §§ 17200, *et seq.*; (3) intentional misrepresentation; and (4) quiet title. *Id.* On October 2, 2013, the Court dismissed the Complaint for failure to state a claim, but granted Plaintiff leave to amend. Dkt. # 34.

Plaintiff filed her FAC on November 4, 2013, asserting the same causes of action against the same Defendants. Dkt. # 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#40 (02/03 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

Moving Defendants now seek to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. # 40.

II.   Background

In July 2008, Galdamez took out a loan from Just Mortgage, Inc., secured by her home. *See* FAC ¶ 8 & Ex. A. The beneficial interest in Galdamez's loan was subsequently assigned to CitiMortgage. *See id.*, Ex. B. Galdamez made the payments required under the loan until she left the country to care for her mother, who was ill. *See id.* ¶ 9.

While she was abroad, Galdamez applied for a loan modification "through her husband." *See id.* ¶ 10. However, CitiMortgage allegedly gave him "the run around" because his name was not on the loan, and because he did not have Galdamez's power of attorney. *See id.*

When Galdamez returned to the United States, she applied again for a loan modification and offered to make monthly payments of $1,000 towards arrears on her account. *See id.* ¶ 11. At the time, Galdamez's monthly loan payment was due to increase by $1,000 as a result of a change in the interest rate. *See id.* CitiMortgage rejected Galdamez's offer. *See id.* ¶ 11.

A Notice of Default was issued on August 26, 2010 and recorded on the next day. *Id.*, Ex. B. The Notice of Default stated that Galdamez was behind on her loan by $5,685.96. *Id.* Galdamez contacted CitiMortgage several times and requested a loan modification. *See id.* ¶ 15. CitiMortgage apparently refused, and scheduled a foreclosure sale. *See id.*

Galdamez contacted CitiMortgage again and asked it to postpone the sale while she was in review for a loan modification. *See id.* ¶ 16. On or about March 21, 2011, Galdamez spoke with a CitiMortgage employee who told her that the sale would be postponed while her application was under review. *See id.* ¶¶ 16, 20. The representative allegedly "expressly told her that she [did] not need to cure her default, it was a small amount, it could be forgiven or put back in the back of the loan to recapitalize it again once [the] loan [was] paid in full and loan modification would solve her default[.]" *Id.* ¶ 23; *see id.* ¶¶ 20, 43. Plaintiff also alleges that CitiMortgage "specifically told Plaintiff not to pay" the arrearage listed in the Notice of Default. *See id.* ¶ 25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#40 (02/03 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

Despite CitiMortgage's alleged agreement to postpone the foreclosure sale, Galdamez's property was sold on March 25, 2011. *See RJN*, Ex. F at 3.[1]

III.   Legal Standards

   A.   Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

The court may properly consider exhibits attached to the complaint. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008); *Amfac Mortg. Corp.v. Az. Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978). The court may also consider documents that have been judicially noticed. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds*, *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

---

[1] CitiMortgage has asked the Court to take judicial notice of certain public records related to Galdamez's loan. *RJN*. The Court may take judicial notice of and consider matters that are not subject to reasonable dispute, including public records. *See* Fed. R. Evid. 201(b); *Dudum v. Arntz*, 640 F.3d 1098, 1101 n.6 (9th Cir. 2011). The documents submitted by CitiMortgage are public records, and are not subject to reasonable dispute. Accordingly, the Court GRANTS CitiMortgage's request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#40 (02/03 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556); *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

  B. Rule 9(b)

  Allegations of fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1103-05 (9th Cir. 2003). Conclusory allegations of fraud are insufficient. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). The plaintiff must plead "the who, what, when, where, and how" of the alleged fraud. *Vess*, 317 F.3d at 1106 (internal quotation marks and citation omitted). Further, if the plaintiff claims that a statement is false or misleading, "[t]he plaintiff must set forth *what* is false or misleading about a statement, and *why* it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis added). In short, a pleading of fraud satisfies Rule 9(b) if it is "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (internal quotation marks and citation omitted); *see Moore*, 885 F.2d at 540.

  Intent and other aspects of a defendant's mental state may be alleged generally. Fed. R. Civ. P. 9(b).

IV. Discussion

  A. First Cause of Action: Wrongful Foreclosure

  Plaintiff pleads two overarching theories of wrongful foreclosure. The Court addresses each in turn.

    *i.* *Faulty Substitution of Trustee*

  Plaintiff contends that Defendants' foreclosure on her property was wrongful because the trustee who recorded the Notice of Default, Cal-Western, did not have the authority to do so. *FAC* ¶¶ 29-33. A substitution of trustee (the "Substitution") naming Cal-Western as the trustee was executed on August 26, 2010. *RJN*, Ex. C at 2. The Notice of Default was executed on the same day, and recorded on August 27, 2010. *FAC*, Ex. B at 1, 3. However, the Substitution was not recorded until October 21, 2010. *See RJN*, Ex. C at 1. Plaintiff argues that the Substitution was not effective until it was recorded, and thus Cal-Western was not the trustee when it recorded the Notice of Default. *FAC* ¶¶ 29, 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#40 (02/03 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

Plaintiff is incorrect. Under California law, substitutions must be recorded, but they may be recorded *after* a notice of default is recorded. California Civil Code § 2934a(b) provides that:

> If the substitution is executed, but not recorded, prior to or concurrently with the recording of the notice of default, the beneficiary or beneficiaries or their authorized agents shall cause notice of the substitution to be mailed prior to or concurrently with the recording thereof, in the manner provided in Section 2924b, to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b. An affidavit shall be attached to the substitution that notice has been given to those persons and in the manner required by this subdivision.

Once the substitution is recorded, it is deemed effective as of the date it was executed. Cal. Civ. Code § 2934a(d) ("A trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed[.]").

Here, the Substitution and Notice of Default were executed concurrently on August 26, 2010. *FAC*, Ex. B at 3; *RJN*, Ex. C at 2. The Substitution was mailed, as required by § 2934a(b), on October 15, 2010. *See RJN*, Ex. C at 3. The Substitution and an affidavit of mailing were recorded on October 21, 2010. *RJN*, Ex. C. As a result, the Substitution is deemed effective as of the date of its execution, August 26, 2010, *see id.* at 2, and Cal-Western was the trustee when it recorded the Notice of Default on August 27, 2010, *see FAC*, Ex. B at 1. *See* Cal. Civ. Code § 2934a(b), (d); *Ghuman v. Wells Fargo Bank*, No. 1:12-cv-00902-AWI-BAM, 2012 WL 2263276, at *5 (E.D. Cal. June 15, 2012) (applying § 2934a under similar circumstances); *Wolf v. Wells Fargo Bank*, No. C11-01337 WHA, 2011 WL 4831208, at *11 (N.D. Cal. Oct. 12, 2011) (same); *Reynoso v. Paul Fin., LLC*, No. 09-3225 SC, 2009 WL 3833298, at *3 (N.D. Cal. Nov. 16, 2009) (same).

    *ii.    Misrepresentations*

Plaintiff also claims that Defendants' foreclosure was wrongful because CitiMortgage foreclosed after a CitiMortgage employee told Galdamez that her sale date would be postponed while her application for a loan modification was pending. *FAC* ¶¶ 20-23, 27-28. Based on the CitiMortgage employee's statement, Plaintiff also argues that CitiMortgage failed to state the nature of her actual breach in the Notice of Default, because the only breach stated in the Notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#40 (02/03 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

of Default was Plaintiff's arrearage, which CitiMortgage allegedly told Plaintiff that she did not need to pay. *Id.* ¶¶ 25-26.

These claims are barred by the tender rule. As the Court has previously explained, California law provides that to proceed on any action to set aside a foreclosure sale or quiet title, the borrower must first make a full tender of the outstanding debt. *See, e.g.*, *Shuster v. BAC Home Loans Serv., LP*, 211 Cal. App. 4th 505, 512 (2012); *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (2011); *Oct. 2, 2013 Order* at 4-5.

Here, Plaintiff has not alleged tender. Instead, she states that she offered to make partial payments of $1,000 per month against her arrearage, and that she had the "intent and means" to pay the amount by which she was in default. *FAC* ¶¶ 11-12, 19. Such partial offers to tender are insufficient to satisfy the tender rule. Moreover, although California law recognizes certain exceptions to the tender rule, none of those exceptions are applicable here. *See Lona*, 202 Cal. App. 4th at 112-113 (discussing recognized tender exceptions). As a result, Plaintiff's failure to allege that she tendered or can tender the full amount of her outstanding debt is fatal to her misrepresentation-based wrongful foreclosure claim.

For the reasons above, Plaintiff's first cause of action is DISMISSED.

B.   Third Cause of Action: Intentional Misrepresentation

Plaintiff's second free-standing cause of action is for intentional misrepresentation. *See FAC* ¶¶ 41-47. To state a claim for intentional misrepresentation, Plaintiff must plead: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). Plaintiff's claims, other than those related to intent, must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b); *Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987).

The FAC alleges that on or about March 21, 2011, Galdamez spoke with a CitiMortgage employee who told her that CitiMortgage would not foreclose while her application for a loan modification was under review. *FAC* ¶¶ 16, 20, 23, 43. Plaintiff alleges that the employee's statement was false, and "designed . . . to maneuver Plaintiff into [a] default situation[.]" *Id.* ¶ 44; *see id.* ¶ 46. Plaintiff contends that she relied on the CitiMortgage employee's statement by not curing her default or filing for bankruptcy. *Id.* ¶¶ 43, 45. Plaintiff specifically alleges that she had sufficient funds to cure her default. *Id.* ¶ 43.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#40 (02/03 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

    Moving Defendants argue that Plaintiff's claim fails because: (1) it is not pleaded with particularity as required by Rule 9(b); (2) Plaintiff's reliance was not reasonable; and (3) the CitiMortgage employee's statement was not enforceable, because it was a gratuitous oral promise and is barred by the statute of frauds. *Mem.* 13:7-15:11; *Reply* 4:26-5:24. The Court is not persuaded.

    Plaintiff's FAC pleads the substance of her conversation with a CitiMortgage employee on or about March 21, 2011. *FAC* ¶¶ 16, 20, 23, 43, 45. The FAC states that she "spoke" with the employee, indicating that Plaintiff's communication was in person or by telephone. *Id.* ¶ 16. As a result, Moving Defendants' claim that "Plaintiff fails to allege how, when . . . to whom, and by what means the representations were tendered" is simply incorrect. *Mem.* 15:5-15:6. Although Plaintiff has not identified the employee she spoke with by name or pleaded where the conversation took place, the allegations set out in the FAC are "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 116 (internal quotation marks and citation omitted). As a result, the Rule 9(b) pleading standard is satisfied.

    Second, Moving Defendants argue that Plaintiff's reliance on the CitiMortgage employee's statements was not reasonable, because she was aware of the Notice of Default and the pending foreclosure sale date. *Mem.* 13:15-13:18; *Reply* 5:7-5:11. Moving Defendants miss the point. Plaintiff is not claiming that she was unaware of the looming foreclosure sale—rather, her claim is based on the allegation that CitiMortgage told her that it would postpone that sale date while her loan modification application was under review. *See, e.g.*, *FAC* ¶ 16. The Court cannot say, at this stage of the litigation, that Plaintiff's reliance on such a statement was unreasonable. *See Goyal v. Capital One, N.A.*, No. C-12-02759 RMW, 2012 WL 3878144, at *3 (N.D. Cal. Sept. 6, 2012) (finding reasonable reliance adequately pleaded where lender allegedly told plaintiff that he needed to default on his mortgage to be eligible for a loan modification); *Solomon v. Aurora Loan Servs. LLC*, No. CIV. 2:12-209 WBS KJN, 2012 WL 2577559, at *6 (N.D. Cal. July 3, 2012) (finding reasonable reliance adequately pleaded where lender allegedly told plaintiff it would not foreclose while his loan modification application was pending); *Johannson v. Wachovia Mortg. FSB*, No. C 11-02822 WHA, 2011 WL 3443952, at *5 (N.D. Cal. Aug. 5, 2011) (finding reasonable reliance adequately pleaded where lender allegedly told her it would not foreclose while loan modification negotiations were ongoing).

    Finally, Moving Defendants contend that Plaintiff's claim fails because the CitiMortgage employee's purported agreement to postpone the foreclosure sale was unenforceable and barred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#40 (02/03 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

by the statute of frauds. *Mem.* 13:19-14:2; *Reply* 5:11-5:14. Again, Moving Defendants' arguments miss the mark. Plaintiff is not claiming that the employee's statements modified her loan agreement or created a new contractual agreement. She is claiming that CitiMortgage, acting through its employee, deliberately misled her into not curing her default. *See FAC* ¶¶ 41-47. In that context, it is irrelevant whether the employee's promise was enforceable. *See Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 28-31 (1985) (holding that plaintiff could maintain a claim for fraudulent misrepresentation even if the allegedly fraudulent promise was not enforceable); *Henderson v. Saxon Mortg. Servs., Inc.*, No. G046614, 2012 WL 5910414, at *3 (Cal. Ct. App. Nov. 27, 2012) ("It is well settled that a plaintiff may state a cause of action for promissory fraud, even if the underlying promise is unenforceable because of the statute of frauds") (citing *Tenzer*, 39 Cal. 3d at 28-31); *Western Emulsions, Inc. v. BASF Corp.*, No. CV 05-5246 CBM (SSx), 2007 WL 1839718, at *4 (C.D. Cal. Jan. 19, 2007) ("California law . . . does not require that a plaintiff suing for fraud prove that the allegedly false promises constituted an enforceable contract under the statute of frauds.") (citing *Tenzer*, 39 Cal. 3d at 29); *Bing Ting Ren v. Wells Fargo Bank, N.A.*, No. 13-0272 SC, 2013 WL 2468368, at *4 (N.D. Cal. June 7, 2013) (rejecting argument that plaintiff could not plead reasonable reliance because relevant promise was barred by the statute of frauds); *Solomon*, 2012 WL 2577559, at *6 (same).

For the reasons above, Moving Defendants' motion to dismiss Plaintiff's third cause of action for intentional misrepresentation is DENIED.

C. Second Cause of Action: California Business & Professions Code § 17200

California Business & Professions Code §§ 17200, *et seq.* prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff's second cause of action under § 17200 is derivative of her wrongful foreclosure and intentional misrepresentation claims. *See FAC* ¶¶ 34-40. Specifically, Plaintiff contends that Defendants violated § 17200 by: (1) failing to record the Substitution before recording the Notice of Default, and (2) misrepresenting that CitiMortgage would not foreclose on Plaintiff's home while her loan modification application was pending. *Id.* ¶¶ 36-37.

Plaintiff's § 17200 claim based on the recording of the Substitution fails because, as explained above, California law provides that a substitution may be recorded after a notice of default has been recorded. *See* Cal. Civ. Code § 2934a(b).

On the other hand, because Plaintiff has adequately pleaded a claim for intentional misrepresentation, her § 17200 claim based on those allegations is also sufficiently pleaded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#40 (02/03 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

Plaintiff's second cause of action, for violation of § 17200, is DISMISSED to the extent it is based on the purportedly faulty recording of the Substitution. Moving Defendants' motion to dismiss Plaintiff's § 17200 claim is otherwise DENIED.

D. Fourth Cause of Action: Quiet Title

Plaintiff's fourth cause of action is for quiet title against Freddie Mac. *FAC* ¶¶ 48-51. This cause of action is barred due to Plaintiff's failure to satisfy the tender rule. *See Trapp v. Chase Home Fin., LLC*, No. 5:09-cv-01178-DEW-PJW, 2010 WL 4703864, at *3 (C.D. Cal. Nov. 12, 2010) (holding that tender is required to bring a claim for quiet title); *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 914 (C.D. Cal. 2009) (same).

E. Leave to Amend

Plaintiff has requested leave to file a Second Amended Complaint in the event the Court finds that any claims in the FAC are inadequately pleaded. *Opp.* 16:9-16:12. Generally, the Court grants leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted). In determining whether leave to amend is warranted, the Court considers: (1) a party's bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5) whether the plaintiff has previously amended her complaint. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). When a plaintiff has previously been granted leave to amend and has subsequently failed to correct the deficiencies in her pleadings, "[t]he district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted) (alteration in original).

Here, the Court has already given Plaintiff an opportunity to amend her pleadings, after dismissing the initial Complaint. *See* Dkt. # 34. As a result, the Court's discretion to deny leave to amend is broad. *See Zucco Partners, LLC*, 552 F.3d at 1007. Allowing a second round of amendments would result in undue delay, given that this case was filed over eleven months ago. *See* Dkt. # 1. Moreover, Plaintiff has not indicated what amendments she would make if granted leave to amend. Under the circumstances, the Court finds it appropriate to deny leave to amend. *See Zucco Partners*, 552 F.3d at 1007 (affirming denial of leave to amend complaint, where plaintiffs had already been granted an opportunity to amend).

F. Non-Responsive Opposition Brief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#40 (02/03 HRG OFF)

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

The opposition brief filed by Plaintiff's attorney John E. Mortimer was almost completely non-responsive to Moving Defendants' motion. That is because almost twelve and a half pages of the fourteen substantive pages in Plaintiff's brief were copied—in most cases word for word, paragraph for paragraph, page for page—from Plaintiff's opposition to Moving Defendant's motion to dismiss the *original* Complaint. *Compare Opp. with* Dkt. # 30. As a result, Plaintiff's opposition failed to address most of the key issues raised by Moving Defendants, including: (1) the provisions of California Civil Code § 2934a allowing a substitution to be recorded after a notice of default; (2) the adequacy of the partial tender allegations contained in the FAC (as opposed to the different allegations set out in the original Complaint); (3) the adequacy of the intentional misrepresentation claims pleaded in the FAC (as opposed to the different allegations set out in the original Complaint); and (4) the adequacy of Plaintiff's § 17200 claims pleaded in the FAC (as opposed to the different allegations set out in the original Complaint). The FAC also stated that "[a] cause of action for quiet title requires a verified complaint," without even acknowledging that the FAC is *not* verified. *Opp.* 15:17-:15:18; Dkt. # 37.

This is not the first time Mortimer has wasted the Court's time and resources—and, frankly, done his client a disservice—by filing a "copy and paste" brief. Less than two months ago, in the course of denying Plaintiff's motion to remand this case, the Court observed that "Plaintiff's counsel simply copied most of a motion for remand he had filed in another case . . . made a few changes, and filed [the] motion[.]" Dkt. # 42 at 2. As a result, two and a half pages of Plaintiff's remand motion were dedicated to an irrelevant argument that stopped abruptly in mid-stream. *See* Dkt. # 36 at 6:21-9:7. Mortimer also identified himself as counsel for Guadelupe Vasquez, when the Plaintiff here is Ana Galdamez. *See id.* at 9:15-9:17.

The Court expected that Mortimer would take the Court's observation to heart, and would at minimum refrain from filing any further non-responsive "copy and paste" briefs. The Court's hopes were in vain. Approximately one month after the Court's Order denying Plaintiff's motion to remand, Mortimer filed the egregiously non-responsive brief discussed above in opposition to the motion presently before the Court.

Plaintiff's counsel is warned: if he submits any further non-responsive briefs (or other filings), the Court will consider imposing sanctions against him.

V.     Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#40 (02/03 HRG OFF)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-1855 PSG (CWx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | Ana Galdamez v. CitiMortgage, Inc., *et al.* | | |

For the reasons above, Moving Defendants' motion is GRANTED IN PART and DENIED IN PART.

(1) Plaintiff's first cause of action for wrongful foreclosure is DISMISSED;

(2) Plaintiff's second cause of action under California Business & Professions Code §§ 17200, *et seq.*, is DISMISSED to the extent it is based on the recording of the Substitution; and

(3) Plaintiff's fourth cause of action for quiet title is DISMISSED.

Moving Defendants' motion is otherwise DENIED. Plaintiff may proceed on her third cause of action for intentional misrepresentation and her related § 17200 claim.

**IT IS SO ORDERED.**